UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA E. WILLIAMS,

    Petitioner,

    v.       CAUSE NO. 3:21-CV-893-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Joshua E. Williams, a prisoner without a lawyer, filed an amended habeas corpus petition to challenge his conviction for burglary under Case No. 71D02-1810-F4-73. Following a trial, on March 19, 2019, the St. Joseph Superior Court sentenced him to eight years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The statute of limitations for habeas petitions states as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Review of the petition indicates that the date on which the judgment became final is the applicable starting point for calculating timeliness. According to the petition, the Indiana Court of Appeals affirmed Williams' conviction on November 25, 2019. ECF 3 at 1. Therefore, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for petitioning the Indiana Supreme Court for transfer expired on January 9, 2020. *See* Ind. App. R. 57(C)(1) (petition for transfer must be filed within 45 days after adverse decision). Thirty-six days later, on February 14, 2020, Williams initiated post-conviction proceedings. ECF 3 at 2. On May 27, 2020, the St. Joseph Superior Court dismissed the petition for post-conviction relief, and Williams did not appeal. *Id.* Thereafter, Williams continued to seek post-conviction relief by filing an unauthorized successive petition and by seeking authorization to file a successive petition, which was denied. ECF 3 at 2. Neither of these actions operated to toll the federal limitations period. *See Martinez v. Jones*, 556 F.3d 637, 638-39 (7th Cir. 2009) ("[W]here state law requires pre-filing authorization—such as an application for

2

permission to file a successive petition—simply taking steps to fulfill this requirement does not toll the statute of limitations. Instead, the second petition tolls the limitations period only if the state court grants permission to file it."). Consequently, the limitations period was no longer tolled as of May 27, 2020, and the federal limitations period expired three hundred twenty-nine days later on April 21, 2021. Williams did not file the petition in this habeas case until November 24, 2021. ECF 3. Because Williams filed the petition seven months too late, the court denies the petition as untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling or for encouraging Williams to proceed further, and a certificate of appealability is denied.

For these reasons, the court:

(1) DISMISSES the amended habeas petition (ECF 3) because it is untimely;

(2) DENIES Joshua E. Williams a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case

.

SO ORDERED on December 28, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT